UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
BOSE CORPORATION,                           )
                                            )
        Plaintiff,                          )
                                            )
        v.                                  )        Civil Action No. 11-10629-DJC
                                            )
SALMAN EJAZ,                                )
                                            )
        Defendant.                          )
                                            )
_____)

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ATTACHMENT ON TRUSTEE PROCESS
[Docket No. 64]

May 10, 2013

Boal, M.J.

        Plaintiff Bose Corporation's ("Bose") has filed a motion for a trustee process attachment

upon PayPal, Inc.  Docket No. 64.[1]  For the following reasons, the Court recommends to the

District Judge assigned to this case that she GRANT Bose's motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

        Bose designs, manufactures and sells a variety of high-performance audio products,

including home theater systems.  Second Amended Complaint, ¶ 6.  Defendant Salman Ejaz

("Ejaz") markets and sells electronics, including Bose Products, on the auction website

eBay.com.  Id. at ¶¶ 7, 25, 28.  On March 31, 2011, Bose filed an action against Ejaz in

_____

        [1] On March 27, 2013, the District Court referred the motion to the undersigned.  Docket
No. 67.

Massachusetts Superior Court alleging that Ejaz had been using eBay to sell products in

Australia designed by Bose for use in the United States and claiming that, in so doing, Ejaz

violated the parties' settlement agreement and committed trademark infringement.  Docket No.

17 at ¶¶ 19-33.

    The state court issued temporary injunctive relief ordering PayPal, Inc., the service

through which purchasers on eBay paid Ejaz, to freeze the assets of an account held by Ejaz.

Docket No. 10 at 3-4.  Upon the parties' joint motion, the Superior Court dissolved that order on

April 12, 2011.  See Docket No. 10 at 4, 10.  Ejaz removed the case to this Court on April 13,

2011.  Docket No. 1.

    On September 13, 2012, the District Court granted summary judgment in favor of Bose

and against Ejaz on Bose's breach of contract and trademark infringement claims.  Docket No.

49.  The District Court denied the motion for summary judgment as to Bose's trademark dilution

claim.  Id.  On September 25, 2012, Bose filed a notice of voluntary dismissal with prejudice of

its trademark dilution claim.  Docket No. 51.

    On October 25, 2012, the District Court entered a judgment in favor of Bose and against

Ejaz in the amount of $350,000 plus interest at the rate of twelve percent per annum from the

date that the action was filed.  Docket No. 54.  The Court also permanently enjoined Ejaz from

"exporting or selling any products bearing a BOSE trademark from the United States to

consumers or entities located in Australia," or "causing, aiding, and/or abetting any other person

from doing any act proscribed" under the injunction.  Id.  A writ of execution in the total amount

of $413,000 issued on February 25, 2013.[2]  Docket No. 62.

On March 8, 2013, Bose filed the instant motion seeking a trustee summons and attachment in the amount of $413,000 upon the goods, effects, and credits of Ejaz that are in the possession, custody, or control of PayPal, Inc.  Docket No. 64.  Ejaz filed his opposition on March 22, 2013.  Docket No. 65.  Bose filed a reply on April 2, 2013.  Docket No. 69.

II.   ANALYSIS

Ejaz opposes Bose's motion arguing that trustee process is unavailable to Bose at this time.  Docket No. 65 at 1-2.  In addition, Ejaz argues that trustee process in Massachusetts applies only to individuals and institutions with a usual place of business in the Commonwealth. Because his accounts are held by PayPal (Europe) Ltd., an entity located in the United Kingdom, and without a usual place of business in the Commonwealth, Ejaz claims that Bose cannot avail itself of trustee process against PayPal.  Docket No. 65 at 2-3.  For the following reasons, this Court finds that Bose has shown it is entitled to trustee process upon PayPal, Inc. and recommends that the District Judge grant Bose's motion.

A.   Trustee Process Is Available Post-Judgment

Rule 69 of the Federal Rules of Civil Procedure provides, in relevant part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).  Courts "consistently read Rule 69(a) as limiting all federal process on money judgments to the type of process available under state law."  Gabovitch v. Lundy, 584

---

[2] Ejaz filed a notice of appeal on November 20, 2012.  Docket No. 55.  The appeal appears to be pending.

F.2d 559, 561 (1st Cir. 1978).

In Massachusetts, trustee process is governed by Massachusetts General Laws Chapter 246 and implemented by Rule 4.2 of the Massachusetts Rules of Civil Procedure.  Pursuant to these authorities, trustee process is available to a plaintiff after commencement of the case to secure judgment.  Nevertheless, Ejaz argues that trustee process is unavailable after judgment because Rule 69 "mandates enforcement of judgments by writ of execution unless otherwise directed by the court, which the First Circuit has held to mean that, absent extraordinary circumstances, a judgment plaintiff cannot jump to other state remedies instead of pursuing execution.  Accordingly, trustee process is unavailable to Bose, at least at this stage of the proceedings."  Docket No. 65 at 1.  This Court disagrees.

"Although pre-judgment attachment is the norm, 'there appears to be no prohibition against a plaintiff seeking approval of a trustee attachment *after* judgment has been entered.'"  Latorraca v. Taniki Fin. Corp., No. 08-2477, 2010 WL 3245365, at *2 (1st Cir. Aug. 18, 2010) (quotation omitted) (emphasis in original) (unpublished opinion).  Rule 69 does not prohibit the Court from utilizing state procedures in aid of execution; indeed, it directs the Court to follow the procedures of the state where the Court is located.  Fed. R. Civ. P. 69(a)(1).  For example, under Rule 69, "this court regularly hears supplementary process or debtor examination proceedings with the power to order a debtor to pay according to his ability."  Commercial Printers of Connecticut v. Letter-Men Publishing Co., No. 86-3485-WD, 1988 WL 45402, at *3 (D. Mass. May 5, 1988).

The cases cited by Ejaz do not support his position.  Indeed, none of those cases even addresses trustee process or the issuance of a trustee writ of execution.

For example, Ejaz relies on <u>Aetna Cas. and Surety Co. v. Markarian</u>, 114 F.3d 346 (1st Cir. 1997).  In that case, the First Circuit vacated the District Court's issuance of a writ of <u>ne exeat</u>, which was described by the Court as a form of "equitable bail," prohibiting the defendant from leaving the state or removing any of his assets from the state without the court's permission.  <u>Id.</u> at 347.  In vacating the order, the Court stated that Massachusetts procedure permits issuance of a writ of <u>ne exeat</u> only in support of an order punishable by the court as contempt.  <u>Id.</u> at 349.  Because a money judgment is not such an order, the writ of <u>ne exeat</u> was not available to the plaintiff.  <u>Id.</u>  The First Circuit also held that Rule 69's "otherwise" clause does not provide an independent basis for a writ of <u>ne exeat</u>.  <u>Id.</u>  Contrary to Ejaz's arguments, the First Circuit's decision does not prohibit the use of state remedies in aid of execution.  The First Circuit simply held that the requirements for a writ of <u>ne exeat</u> were not met and Rule 69 did not provide an independent basis for its issuance.

Ejaz also cites to <u>Bd. of Comm'rs of Stark County, OH v. Cape Stone Works, Inc.</u>, 206 F. Supp. 2d 100 (D. Mass. 2002), which is inapposite.  In that case, the plaintiff contracted with the defendants to supply specifically cut stones to rebuild a clock tower in Ohio.  <u>Id.</u> at 101. Defendants failed to deliver some of the pieces of stone and plaintiff sued for breach of contract, unjust enrichment, and fraud and sought money damages and specific performance of the contract.  <u>Id.</u>  After the defendants were defaulted, the court entered judgment in favor of the plaintiff and against the defendants for money damages.  <u>Id.</u>  The court did not order specific performance.  <u>Id.</u>  The court did find that a writ of execution is the only means to enforce a money judgment, but there were various procedures that could be used in aid of execution as long as they were in accord with state law.  <u>Id.</u> at 103-104.  In aid of execution, the plaintiff

sought to avail itself of the provisions of M.G.L. c. 214, § 3, which provides for a cause of action for the "redelivery of goods or chattels taken or detained from the owner." Id. at 104.  The court found that redelivery of goods under M.G.L. c. 214, § 3 is not available in aid of execution of a money judgment.  Id.  In contrast, trustee process is one of the several remedies available to a plaintiff for the purpose of securing satisfaction of a judgment.  See Commercial Printers of Connecticut, Inc., 1988 WL 45402 at *1.

Finally, Motorola Credit Corp. v. Uzan, 288 F. Supp. 2d 558 (S.D.N.Y. 2003) is also irrelevant to the instant case.  That case addresses a unique New York law known as the "separate entity rule," which provides that branches of banks are treated as separate entities.  Id. at 560.  Ejaz does not argue that such rule applies in Massachusetts.

Accordingly, the Court finds that trustee process is available in a case, such as this one, in which judgment has entered so long as the procedures prescribed by the relevant Massachusetts statutes and rules are followed.

B.    Bose Has Shown Entitlement To Trustee Process Upon PayPal, Inc.

Having found that trustee process is available to the plaintiff, the Court must determine whether the requirements for trustee process are met in this case.  Massachusetts General Laws Chapter 246, § 1 et seq., and Massachusetts Rule of Civil Procedure 4.2 control trustee process attachments under Massachusetts law.  In order to enter an order approving a trustee process attachment, the court must find the existence of a "reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the trustee process over and above any liability insurance known or reasonably believed to be available . . ."  Mass. R. Civ. P. 4.2(g).

"[T]he central question on the motion for approval of attachment is whether the plaintiffs are likely to prevail on the merits and obtain damages in the necessary amount." <u>Aetna Cas. and Surety Co. v. Rodco Autobody</u>, 138 F.R.D. 328, 332 (D. Mass. 1991) (citations omitted). "A showing of reasonable likelihood of success on the merits is a prerequisite for court approval of an attachment." <u>Id.</u> (citations omitted). "Mass. R. Civ. P. . . . 4.2 [is] silent as to the quality of evidence or quantum of proof required to obtain court approval of an attachment." <u>Id.</u> Where, as here, the plaintiff has already prevailed on the merits of the underlying claim, "it is not clear what, if anything, must be shown to obtain a post-judgment trustee attachment." <u>Latorraca</u>, 2010 WL 3245365 at *2. Because Bose has obtained a judgment against Ejaz in the amount of $413,000, the Court finds that it has made the required showing for a trustee process attachment.

Massachusetts law limits the applicability of trustee process to trustees within the Commonwealth. Specifically, "[a]n individual who is not an inhabitant of the commonwealth, or a foreign corporation or association, shall not be so summoned unless he or it has a usual place of business in the commonwealth." M.G.L. c. 246, § 1. Ejaz argues that PayPal does not have a usual place of business in Massachusetts and, therefore, cannot be summoned as a trustee. Docket No. 65 at 2-3.

Bose seeks a trustee attachment upon the goods, effects, and credits of Ejaz in the possession, custody or control of PayPal, Inc. <u>See</u> Docket No. 64 at 1; Docket No. 69 at 5. PayPal, Inc. maintains a registered agent in Massachusetts and has had an office in Massachusetts, employing over 150 people, since at least 2011. <u>See</u> Docket No. 69 at 5; Affidavit of Morgan T. Nickerson and ¶ 3 and Ex. A & B thereto. Ejaz maintains that his accounts are held by PayPal (Europe) Ltd., a subsidiary separate from PayPal, Inc. located in the

United Kingdom.  See Docket No. 65 at 2-3.  However, PayPal, Inc. had frozen the accounts in

April 2011 in response to the Superior Court's restraining order issued prior to removal of the

case to this Court.  See Docket No. 69 at 6.

       The Court finds that PayPal, Inc. has a usual place of business in Massachusetts.  PayPal,

Inc. operates on two floors in One International Place in Boston, employing more than 150

individuals.  See Ex. B to Affidavit of Morgan T. Nickerson.  This presence is sufficient to

satisfy the requirements of Section 1of Chapter 246.  See Wyshak v. Anaconda Copper Min. Co.,

328 Mass. 219, 223 (1952) (foreign corporation was amenable to service of trustee process

where it maintained a Massachusetts district sales office and staff).

       While there may be a dispute as to whether PayPal, Inc. or a separate but related entity

holds Ejaz's accounts, the Court finds that trustee process is appropriate against PayPal, Inc.

Once property is secured by trustee process attachment, "the focus shifts to whether the alleged

trustee did, in fact, have 'goods, effects or credits of the defendant in his hands or possession' at

the time of the service of the trustee summons."  Latorraca, 2010 WL 3245365 at *2.  To that

end, the trustee must file an answer disclosing "plainly, fully and particularly what goods, effects

or credits, if any, of the defendant" it possesses.  M.G.L. c. 246, § 1.  Depending upon the

answer, further fact finding may be necessary.  M.G.L. c. 246, §§ 12-17.  If the court ultimately

determines that the trustee holds "goods, effects or credits" of the defendant, the trustee will be

charged, judgment will enter against him, and he must then "pay over to the creditor or be

subject to a trustee writ of execution."  Gabovitch, 584 F.2d at 561 n. 3.  Therefore, once the

trustee process attachment is approved and a summons served on PayPal, Inc., PayPal, Inc. will

have to answer whether it in fact holds Ejaz's accounts.  If necessary, further fact finding may be

done and, at that time, the Court will determine whether PayPal, Inc. holds "goods, effects or credits" of Ejaz that may be used to satisfy the judgment against him.  Accordingly, the Court recommends that the District Judge grant the motion and issue a trustee process summons and attachment upon PayPal, Inc.

III.     RECOMMENDATION

For the foregoing reasons, this Court recommends to the District Judge to which this case is assigned that she GRANT Bose's motion for trustee process upon PayPal, Inc.

IV.     REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge